In the

# United States Court of Appeals
## For the Seventh Circuit

No. 02-3846

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

LARRY J. PURIFOY,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Northern District of Illinois, Western Division.
No. 02 CR 50004-1—**Philip G. Reinhard**, *Judge.*

ARGUED MARCH 4, 2003—DECIDED APRIL 10, 2003

Before BAUER, EVANS, and WILLIAMS, *Circuit Judges.*

EVANS, *Circuit Judge.* In July 2002 Larry Purifoy pleaded guilty to one count of possession of a firearm by a felon, 18 U.S.C. § 922(g)(1). He was sentenced to a term of 96 months. On appeal, Purifoy argues that the district court erred when it gave him a four-level upward adjustment for using the firearm in connection with another felony. U.S.S.G. § 2K2.1(b)(5). The issue raised on appeal is whether he committed "another felony offense" for purposes of § 2K2.1(b)(5) when he pointed the firearm at an arresting officer. We agree with the district court that he did commit another felony offense and affirm.

In December 2001 Purifoy was in an apartment in Rockford, Illinois when officers of the Metro Narcotics Unit

of the Rockford Police Department arrived there to execute a search warrant. When no one answered the door, the officers forced entry into building. The police were not undercover; they wore clothing, badges and baseball caps that identified them as officers, and they also verbally identified themselves as officers. When the officers entered the apartment, Purifoy ran into a bedroom, grabbed a gun, and pointed it at one of the officers. The officers pointed their weapons at Purifoy and ordered him to drop his gun. A standoff ensued for some 15 more seconds, before Purifoy accepted the officers' demand to end the standoff. The officers then seized his gun, which was loaded with six live rounds, one in the firing chamber.

Purifoy pleaded guilty pursuant to a plea agreement. At sentencing, the parties disagreed over whether his offense level should be increased by four under § 2K2.1(b)(5). This adjustment applies if a defendant "used or possessed any firearm or ammunition in connection with another felony offense." U.S.S.G. § 2K2.1(b)(5). The district court found that the adjustment was appropriate because when Purifoy pointed the gun at the officer, he committed the state-law felony of aggravated assault, *see* Ill. Comp. Stat. 5/12-2(a)(6) and (b). Purifoy argues that the aggravated assault was not "another crime" for purposes of § 2K2.1(b)(5) because it occurred simultaneously with his federal offense of possession of a firearm by a felon.

We generally review a district court's application of a sentencing guideline de novo. *United States v. Irby*, 240 F.3d 597, 599 (7th Cir. 2001). More deference may be appropriate in light of the Supreme Court's recent decision in *United States v. Buford*, 532 U.S. 59 (2001). Because the outcome in this case does not depend on the standard of review, however, we need not decide which standard applies when reviewing a district court's ruling that certain conduct qualifies as "another felony offense" under § 2K2.1(b)(5).

Purifoy's § 2K2.1(b)(5) upward adjustment was appropriate if the crime he committed when he pointed his gun at the arresting officer was "another felony offense." In *United States v. Szakacs*, 212 F.3d 344, 349-51 (7th Cir. 2000), we considered the circumstances under which a state-law crime that occurs contemporaneously with a federal weapons crime may be treated as a separate offense. We reasoned that the two could be treated as separate crimes if there were a sufficient distinction in conduct between them. *See id.* at 351. The defendants in *Szacaks* had planned to break into a gun shop and steal firearms. They were convicted of the federal crime of conspiracy to steal firearms from a licensed dealer, and the district court imposed § 2K2.1(b)(5) adjustments, concluding that they used or possessed the firearms in connection with the state-law crime of conspiracy to commit burglary. We found the adjustments inappropriate in that case. The conspiracy to commit burglary and the conspiracy to commit theft of the firearms were essentially the same crime because they involved nearly identical offense conduct. *Id.* at 349.

Purifoy's case cannot be viewed the same way. His offense of conviction, because he was a felon, involved mere possession of the firearm. When he pointed his gun at the arresting officers, he committed an aggravated assault—he was actually *using* the weapon. And the distinction is significant considering the increased danger created by pointing a firearm at a police officer during an arrest. The distinction between mere possession and actual use of the gun distinguishes the two crimes and justifies treating them as separate offenses. Indeed, two other circuits have found the distinction in conduct between possession and use of a weapon to be significant for purposes of § 2K2.1(b)(5). *See United States v. Jackson*, 276 F.3d 1231, 1234 (11th Cir. 2001); *United States v. Kuban*, 94 F.3d 971, 976 (5th Cir. 1996).

We hasten to add, in closing, that Purifoy should consider himself lucky. When someone levels a loaded gun at police officers during a tense search warrant/arrest situation, that person usually suffers far greater consequences than an upward adjustment to his guideline range. Getting shot, and often killed, are the usual consequences that flow from that kind of conduct. The challenge to Mr. Purifoy's sentence is rejected and the judgment of the district court is AFFIRMED.

A true Copy:

      Teste:

                  _____
                  *Clerk of the United States Court of Appeals for the Seventh Circuit*