NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 7, 2012
Decided March 8, 2012

**Before**

RICHARD A. POSNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 11-2315

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     *Plaintiff-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Western Division. |
| *v.* | No. 10 CR 50042-1 |
| TIMOTHY C. LEE, <br>     *Defendant-Appellant*. | Frederick J. Kapala <br> *Judge.* |

**O R D E R**

Timothy Lee pleaded guilty to possessing a firearm as a convicted felon, 18 U.S.C. § 922(g)(1), and the court imposed a 110-month sentence at the bottom of the guidelines range. Lee filed a notice of appeal, but his appointed counsel moves to withdraw on the ground that the appeal is frivolous. *See Anders v. California*, 386 U.S. 738, 744 (1967). Lee has not opposed counsel's motion. *See* Cir. R. 51(b). We confine our review to the potential

arguments developed in counsel's facially adequate brief. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

Lee had an ongoing dispute over a parking spot with Lenell Gray, who lived in the same apartment complex as Lee's girlfriend. One night Lee's girlfriend went up to Gray's apartment to ask him to move his car and the men argued when Gray refused. Gray began to throw a punch at Lee, and Lee pulled a gun from his pocket and fired four shots at Gray. One bullet struck Gray through the wrist and another grazed his thigh. Police, who were at the apartment complex for an unrelated reason, heard the shots and saw Lee holding a gun. Gray and Lee both fled, and officers caught up with Lee a few blocks away and arrested him.

Lee, a convicted felon, pleaded guilty to possessing the gun. In the presentence report the probation officer recommended a base offense level of 24, U.S.S.G. § 2K2.1(a)(2), to account for Lee's prior felony drug conviction and a prior crime-of-violence conviction—aggravated battery with a deadly weapon. The probation officer also recommended applying a four-level upward adjustment under § 2K2.1(b)(6)(B) because Lee possessed the gun "in connection with" another felony offense, i.e., aggravated battery, when he shot Gray. Lee objected to both increases, but the district court overruled the objections, calculated a guidelines range of 110 to 120 months, and sentenced Lee to 110 months.

Because Lee does not want his guilty plea set aside, counsel correctly forgoes discussion of challenges to the voluntariness of the plea or the adequacy of the plea colloquy. *See United States v. Knox*, 287 F.3d 667, 670–72 (7th Cir. 2002).

Counsel considers whether the district court committed error when it denied Lee's objections to the guidelines calculations, but properly concludes that any challenges to those denials would be frivolous. Lee argued that his 2006 conviction for aggravated battery with a deadly weapon, 720 ILCS 5/12-3, § 5/12-4(b)(1), was not a crime of violence, and therefore he should not have received an increased offense level under § 2K2.1(a)(2). An offense is a crime of violence if one element of the offense is that the defendant used, attempted to use, or threatened to use physical force against another. *See* U.S.S.G. § 2K2.1(a)(2) cmt. n.1(A); *id.* § 4B1.2(a)(1). To determine whether Lee's battery had an element of physical force, we would apply the categorical approach and look to "the fact of conviction and the statutory definition of the prior offense." *See United States v. Curtis*, 645 F.3d 937, 939–40 (7th Cir. 2011); *United States v. Woods*, 576 F.3d 400, 403–04 (7th Cir. 2009). Lee's situation is straightforward: the Illinois indictment charged him with causing bodily harm through use of a deadly weapon, and the use of a deadly weapon presents at least the threat of physical force. *See United States v. Taylor*, 630 F.3d 629, 634 (7th Cir. 2010).

Counsel also considers whether Lee could challenge the district court's rejection of his argument that he should not receive the four-level increase for using his firearm in connection with another felony offense. U.S.S.G. § 2K2.1(b)(6)(B). The district court must identify the felony that the defendant was alleged to have been involved in and support its conclusions by a preponderance of the evidence from the facts in the record. *See United States v. Tapia*, 610 F.3d 505, 513 (7th Cir. 2010); *United States v. Purifoy*, 326 F.3d 879, 880–81 (7th Cir. 2003). Lee argued that he acted in self-defense and therefore had not committed "another felony offense" of aggravated battery when he shot Gray.

We agree with counsel that such a challenge would be frivolous. The district court did not accept the self-defense argument that Lee pressed before and during the sentencing hearing. Firing a gun is a use of deadly force, *Quezada-Luna v. Gonzales*, 439 F.3d 403, 406 (7th Cir. 2006), and Lee would have been justified in using deadly force only if he reasonably believed it was necessary to prevent imminent death or great bodily harm. 720 ILCS 5/7-1(a); *Davis v. Lambert*, 388 F.3d 1052, 1065 (7th Cir. 2004). But the court found no evidence to suggest that Lee reasonably believed that Gray's punch would result in death or great bodily harm; the court also found Lee's decision to flee from the shooting and his attempt to hide the gun inconsistent with a self-defense claim. We would defer to the court's finding that it was "extremely doubtful" that Gray, with his fist, could inflict serious bodily harm upon Lee. *See United States v. Stewart*, 536 F.3d 714, 720 (7th Cir. 2008); *United States v. Biggs*, 491 F.3d 616, 621 (7th Cir. 2007). And while counsel proposes an alternative self-defense argument in his brief, he correctly concludes that such a proposal would be waived because Lee did not make it before the district court.

Finally, counsel addresses whether Lee could challenge the reasonableness of his overall prison sentence. The sentence is at the bottom of the properly calculated guidelines range and thus presumptively reasonable. *See Rita v. United States*, 551 U.S. 338, 347 (2007); *United States v. Pape*, 601 F.3d 743, 746 (7th Cir. 2010). Counsel has identified no basis to set aside that presumption, nor have we. At sentencing Lee sought a term at the low end of the guidelines. The court took into account the sentencing factors in 18 U.S.C. § 3553(a)—in particular, Lee's difficult upbringing, health concerns, and psychological problems, *see id.* § 3553(a)(1), and the need to protect the public from Lee's future crimes given his extensive criminal history, *see id.* § 3553(a)(2)(C), almost continuous since Lee was 13 years old. We agree with counsel that a reasonableness challenge would be frivolous.

Counsel's motion to withdraw is **GRANTED**, and the appeal is **DISMISSED**.