In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-1496

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DARNELL JACKSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:12-CR-82— **Robert L. Miller, Jr.**, *Judge.*

ARGUED JUNE 6, 2013 — DECIDED FEBRUARY 3, 2014

Before WOOD, *Chief Judge,* and POSNER and ROVNER, *Circuit Judges.*

ROVNER, *Circuit Judge.* Darnell Jackson unlawfully possessed a firearm for a period of two to three weeks before selling it to someone whose own possession of the gun was illegal. At sentencing, the district court enhanced Jackson's offense level based on its finding that Jackson had transferred the gun with knowledge or reason to believe it would be

possessed "in connection with another felony offense," *i.e.*, the transferee's illegal possession of the gun. *See* U.S.S.G. § 2K2.1(b)(6)(B) (Nov. 2012). Jackson contends that the enhancement was improper in that it essentially penalized him a second time for conduct that was otherwise encompassed within his conviction. We affirm.

## I.

In January 2011, Jackson's friend Carlia Wells purchased a nine-millimeter Ruger pistol. In March, Jackson took the pistol from Wells' home. Having previously been convicted of multiple felonies, Jackson's possession of the gun was illegal. *See* 18 U.S.C. § 922(g)(1). Two to three weeks after he took the pistol from Wells, Jackson sold the weapon (or facilitated its sale) to David Dircks, whom Jackson knew to be an illegal user of crack cocaine and heroin. A grand jury later charged Wells, Dircks, Jackson, and a fourth individual with various weapons offenses; the indictment charged Jackson with his unlawful possession of the pistol as a convicted felon, in violation of section 922(g)(1).

On the morning that his trial was to begin, Jackson pleaded guilty to the felon-in-possession charge without a written plea agreement. At sentencing, the court found Jackson's final, adjusted offense level to be 17. This included a four-level enhancement under Guidelines section 2K2.1(b)(6)(B) for transferring the firearm "with knowledge, intent or reason to believe that it would be used or possessed in connection with another felony offense." The court found that Jackson's transfer of the gun to Dircks, a known felon and illegal drug user, facilitated the commission of a felony by Dircks, whose

possession of the pistol was prohibited under both section 922(g)(1) (possession by a felon) and section 922(g)(3) (possession by an unlawful user of controlled substances). R. 132 at 2-3. Coupled with a criminal history category of VI (Jackson had a lengthy criminal record that the court described as "astonishing," R. 132 at 6), the adjusted offense level of 17 resulted in an advisory sentencing range of 51 to 63 months in prison. Without the section 2K2.1(b)(6)(B) enhancement, the range would have been 33 to 41 months. Judge Miller opted to impose a within-Guidelines sentence of 60 months' imprisonment.

## II.

The sole issue to be resolved on appeal is whether the section 2K2.1(b)(6)(B) enhancement was correctly imposed. We find that it was.

Section 2K2.1(b)(6)(B) provides that a defendant's offense level shall be increased by four levels if he "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Prior to amendments that took effect in November 2006, an application note regarding this enhancement (then set forth in section 2K2.1(b)(5)) defined "another felony offense" as one "other than explosives or firearms possession or trafficking offenses." § 2K2.1 cmt. n. 15 (Nov. 2005). This definition of "another felony offense" was "understood to create a categorical exclusion for firearms and explosive offenses." *See United States v. Jones*, 528 F. App'x 627, 631-32 (7th Cir. 2013) (nonprecedential decision) (collecting cases). Thus in *United States v. Mahalick*, 498 F.3d 475, 480 (7th

Cir. 2007), we had observed that for purposes of the enhancement, the other felony offense that the defendant facilitated "cannot simply be that the [person who purchased the gun from the defendant] was a felon and upon purchasing the gun became a felon in possession of a firearm."

However, the application note was modified in 2006 and now reads:

> "Another felony offense"[ ] for purposes of subsection (b)(6), means any federal, state, or local offense, other than *the* explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.

§ 2K2.1 cmt. n. 14(C) (Nov. 2006) (emphasis ours). The commentary now excludes from the definition of "another felony offense" only the possession or trafficking offense that serves as the basis for the defendant's conviction. *United States v. Juarez*, 626 F.3d 246, 255 (5th Cir. 2010). In *Jones*, we therefore concluded that the enhancement applies, as here, when a defendant guilty of being a felon-in-possession has transferred the firearm to another prohibited person. *See Jones*, 528 F. App'x at 632 (following *Juarez*, 626 F.3d at 255). Our decision in *Jones* was not precedential, but we find its rationale on this point (and that of the Fifth Circuit in *Juarez*) persuasive and adopt it as binding precedent here. By selling the pistol to Dircks, whom he knew to be an unlawful user of controlled substances and thus someone who could not legally possess a firearm, Jackson transferred the pistol with knowledge or

reason to believe that the gun would be used to commit another felony offense—Dircks's illegal possession of the same gun.

Jackson nonetheless argues that his transfer of the firearm to Dircks was not "another felony offense" separate and distinct from his possession offense, and that therefore the enhancement should not apply to him. Jackson contends that his conduct "was simply the firearms possession or trafficking offense and not another felony." Jackson Brief at 11. He appears to assume that the transfer to Dircks involved no element beyond the offense of conviction, *i.e.*, that his offense of conviction includes the transfer as well as the possession.

But section 922(g)(1) requires proof of possession only; the transfer of the firearm was a separate act neither necessary to nor subsumed within his conviction for possession. *See United States v. Purifoy*, 326 F.3d 879, 881 (7th Cir. 2003) (defendant's act of pointing gun at police officer, which constituted aggravated assault, was a felony distinct from felon-in-possession offense for purposes of other felony offense enhancement); *see also*, *e.g.*, *United States v. Lane*, 267 F.3d 715, 718-19 (7th Cir. 2001) (act of holding gun sufficient to constitute unlawful possession for purposes of section 922(g)(1)); *cf. United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013) (in sentencing defendant for being a felon in possession, district court erred in applying trafficking enhancement, *see* § 2K2.1(b)(5), in addition to other felony offense enhancement, when both enhancements were based on same conduct—transfer of guns to confidential informant, whom defendant knew to be a convicted felon, with knowledge that informant intended to resell them).

Jackson alternatively posits that had he been charged with not only his possession of the gun under section 922(g), but also the transfer of the pistol to Dircks under 18 U.S.C. § 922(d) (making it a crime to transfer a firearm or ammunition to, *inter alia*, known felons or illegal drug users), the two charges would have been grouped at sentencing and treated as a single offense when calculating his offense level, and as a result of the grouping there would not be "another felony offense" to trigger the enhancement. *See* U.S.S.G. Chap. 3, Pt. D. Given that Jackson in fact was charged only with the possession offense, he reasons that it makes no sense to treat him more harshly by applying the enhancement.

But it is a mistake to assume that the enhancement would not apply were Jackson charged with and convicted of both crimes. Jackson is no doubt correct that the possession and transfer offenses would be grouped for sentencing purposes: Both are subject to the same firearms guideline, section 2K2.1, and section 3D1.2(d) specifies that offenses governed by section 2K2.1 are to be grouped. But although grouping is meant to avoid multiple punishments for the same conduct, *see Mahalick*, 498 F.3d at 481, it is not meant to ignore the specific offense characteristics that distinguish one defendant's criminal acts from those of another. Jackson's decision to sell the gun to an unlawful user of controlled substances is one such characteristic.

Were the possession and transfer offenses governed by different Chapter 2 guidelines, the court would determine the offense level for each offense separately and then apply the higher of the two levels to the group. *See* § 3D1.3(a) & comment. (n.2.). The section 2K2.1(b)(6)(B) enhancement would

apply to the possession offense, as we have discussed, and if that rendered the offense level for the possession offense higher than the level for the transfer offense, the offense level for the possession offense would become the offense level for the group.

Here, both offenses are governed by the same guideline. But if the court were to follow the same approach, the enhancement would apply to the possession offense even if it would not apply to the transfer offense, as Jackson assumes; the resulting offense level for the possession offense, assuming it was the greater of the two, would then carry the day for the group. So we reasoned in *Mahalick*, where the defendant had been convicted of both possession and transfer offenses and contended that the other felony offense enhancement amounted to double counting because it punished the same behavior as his section 922(d) conviction for the transfer of the gun. 498 F.3d at 481-82. This is essentially the same argument that Jackson is making—that as to the transfer conviction, there would be no "other" felony offense to trigger the enhancement. Even if he is right, there would be another offense vis-à-vis the possession conviction, and if the offense level for that conviction alone turned out to be greater than the offense level for the transfer conviction alone, the former should logically apply to the two offenses grouped together. *See id.*; *see also United States v. Schaal*, 340 F.3d 196, 198 -99 (4th Cir. 2003) (enhancement for stolen firearm appropriate notwithstanding fact that stolen nature of the firearm was an element of 16 of 19 of grouped offenses).

Consider it from a second perspective. Given Jackson's prior conviction for a crime of violence, section 2K2.1(a)(4)

specifies a base offense level of 20; and this would be his base offense level regardless of whether he were convicted of possession, transfer, or both. That particular offense level, however, turns on the defendant's criminal history alone; it does not take into account, as for example section 2K2.1(a)(6) does, whether the defendant may have transferred the gun to another person whose own possession of the gun amounts to a crime. So the enhancement specified by section 2K2.1(b)(6)(B) would capture an aspect of Jackson's conduct that his base offense level does not.

If we were to agree with Jackson that a second conviction for transfer of the gun would take the section 2K2.1(b)(6)(B) enhancement off the table, then we would be saying that the Guidelines would, in practice, treat one's unlawful possession and transfer of a firearm to another prohibited person no differently than simple possession of the gun. That would be both illogical and contrary to the spirit of the grouping rules. *See Schaal*, 340 F.3d at 198-99.

As we noted at argument, a sentencing judge is always able, given the advisory nature of the Guidelines and the sentencing criteria set forth in 18 U.S.C. § 3553, to determine that the defendant's offense level and sentencing range over- or under-represent the extent of his criminal conduct and to adjust the sentence accordingly. Judge Miller, in fact, gave thorough and thoughtful attention to how well the Guidelines range accurately accounted for Jackson's offense and criminal history and concluded that a within-range sentence was appropriate. R. 132 at 8-9. For all of the reasons we have discussed, we are not convinced that it was improper to enhance Jackson's offense level pursuant to section

2K2.1(b)(6)(B) based on his transfer of the gun to Dircks, or that the resulting sentencing range was out of proportion to his conduct.

### III.

By selling the Ruger pistol to Dircks, who like Jackson was prohibited from possessing a firearm, Jackson transferred the firearm in connection with a felony offense separate and distinct from the possession offense of which he was charged and convicted. Consequently, the district court properly increased Jackson's offense level pursuant to section 2K2.1(b)(6)(B). *See Jones*, 528 F. App'x at 632. Finding no error in the calculation of Jackson's offense level, we AFFIRM his sentence.