NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 9, 2016
Decided August 19, 2016

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-3699

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 14 CR 465 |
| CHARLES LEMLE, *Defendant-Appellant.* | John Z. Lee, *Judge.* |

**ORDER**

Charles Lemle pleaded guilty to possessing a firearm as a felon, 18 U.S.C. § 922(g)(1), and was sentenced to 151 months' imprisonment. On appeal Lemle argues that the district court wrongly applied a four-level upward adjustment under the sentencing Guidelines. *See* U.S.S.G. § 2K2.1(b)(6)(B). That Guideline applies if Lemle used the firearm "in connection with another felony," *id.*, but Lemle argues that he committed no felony other than unlawful possession of a weapon. Because Lemle did commit another felony with the gun—the reckless discharge of it—we affirm the judgment.

The facts of this case are simple. While released on bond pending trial for another charge, one night in January 2014, Charles Lemle, a felon, grabbed and repeatedly fired a pistol into the air in an alley near his home. Police officers in the area heard the gun shots and approached Lemle. Lemle aimed the gun at an officer who, fearing for his life, shot at Lemle.

Criminal proceedings followed. Lemle pleaded guilty to one count of possessing a firearm as a felon while on pretrial release, 18 U.S.C. §§ 922(g)(1), 3147, but preserved his right to appeal his sentence. At sentencing the district court calculated a Guidelines imprisonment range of 151 to 188 months based on a total offense level of 30 and a criminal history category of V. In calculating the total offense level, the district court applied a four-level upward adjustment because Lemle had possessed the gun "in connection with another felony," U.S.S.G. § 2K2.1(b)(6)(B). The other felony was the reckless discharge of a firearm, a state crime. *See* 720 ILCS 5/24-1.5. Lemle objected to this adjustment, but the judge overruled the objection. He also objected to a six-level upward adjustment for creating a substantial risk of serious bodily injury to a law enforcement officer by pointing the gun at the police, *see* U.S.S.G. § 3A1.2(c)(1). But he has abandoned that objection on appeal.

In this court, Lemle maintains that the district court erred in applying U.S.S.G. § 2K2.1(b)(6)(B) and ruling that he used the firearm in connection with "another" felony. He contends that no second felony occurred because everything that happened on the night of his crime was a "single continuous event."

The district court properly applied the upward adjustment. Even though unlawful possession (the charged offense) occurred contemporaneously with reckless discharge (the adjustment offense), the two offenses are different; or as our cases say, they reflect a "distinction of conduct." *United States v. Krumwiede*, 599 F.3d 785, 788 (7th Cir. 2010) (quoting *United States v. Szakacs*, 212 F.3d 344, 351 (7th Cir. 2000)). Unlawful *possession* and illegal *use* of a weapon are crimes with materially distinct elements. *See United States v. Purifoy*, 326 F.3d 879, 881 (7th Cir. 2003) ("The distinction between mere possession and actual use of the gun distinguishes the two crimes and justifies treating them as separate offenses."). Consequently the enhancement was proper. *See United States v. Rice*, 673 F.3d 537, 540–42 (7th Cir. 2012) (upholding upward adjustment for felon in possession of firearm who also recklessly discharged it into air just before arrest); *United States v. Sandidge*, 784 F.3d 1055, 1061–63 (7th Cir. 2015) (upholding upward adjustment for felon in possession of firearm who also pointed gun at officer during arrest); *United States v. Jackson*, 741 F.3d 861, 864 (7th Cir. 2014)

(upholding upward adjustment for felon in possession of firearm who also illegally transferred firearm just before arrest); *United States v. Suggs*, 624 F.3d 370, 373 (7th Cir. 2010) (upholding upward adjustment for felon in possession of firearm who also committed state felony of resisting law enforcement during arrest by grasping gun under seat).

Lemle unsuccessfully attempts to distinguish these cases. He argues that a "distinct bifurcation of events" occurred in these cases, separating in time the charged offense from the adjustment offense; by contrast Lemle's possession and discharge of the firearm were simultaneous and "interconnected[]". But "the relevant question is not whether the two offenses occur simultaneously or have some causal relationship with one another, but whether they are based on the same conduct." *United States v. Hill*, 563 F.3d 572, 581 (7th Cir. 2009). By recklessly discharging the gun into the air, Lemle's conduct went beyond that necessary to charge simple possession of a firearm by a felon, *see* 18 U.S.C. § 922(g)(1); *United States v. Lane*, 267 F.3d 715, 717 (7th Cir. 2001), and satisfied the elements of a separate felony offense. *See* 720 ILCS 5/24-1.5; *People v. Collins*, 824 N.E.2d 262, 266–69 (Ill. 2005) (holding that shooting a firearm into the air in a city neighborhood is a felony offense under Illinois law).

Lemle raises a related argument that goes nowhere. He argues that, because the district judge applied an upward adjustment under U.S.S.G. § 3A1.2(c)(1) based on Lemle's having pointed the gun at an officer, the judge could not rely on that conduct to apply the § 2K2.1(b)(6)(B) adjustment. But the district judge did not rely on the assault on the police officer for the "other" felony in the § 2K2.1(b)(6)(B) adjustment. The judge explicitly found that Lemle had committed the state felony of reckless discharge of a firearm (when he fired the pistol into the air), and the judge based the § 2K2.1(b)(6)(B) adjustment on *that* felony. Even if that were not the case, "double counting" by basing both adjustments on the same conduct would have been permissible because the Guidelines do not expressly prohibit it for either adjustment. *See United States v. Ray*, No. 14-3799, 2016 WL 4011168, at *3 (7th Cir. July 27, 2016) ("There is no general rule against 'double counting.'"); *United States v. McLaughlin,* 760 F.3d 699, 703–04 (7th Cir. 2014); *United States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012).

AFFIRMED.