NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0449n.06

No. 14-5824

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

FILED
Jun 15, 2015
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JASON EMMONS, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF TENNESSEE |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

Before: GIBBONS and COOK, Circuit Judges; MURPHY, District Judge.[*]

MURPHY, District Judge. Jason Emmons pled guilty to two counts of distributing crack cocaine. He appeals from the district court's imposition of a 145-month sentence. He claims that the sentence is procedurally and substantively unreasonable, and that it violates the Eighth Amendment's prohibition against cruel and unusual punishment. We have jurisdiction under 28 U.S.C. § 1291 (2012). Because we find no reversible error, we affirm.

I.

A.

"We review sentences under a deferential abuse-of-discretion standard." *United States v. Howard*, 570 F. App'x 478, 480 (6th Cir. 2014). "To determine whether a district court abused its discretion, we look to whether the sentence is reasonable." *United States v. Walters*, 775 F.3d

---

[*] The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

778, 781 (6th Cir. 2015). "The reasonableness review is split into two parts: procedural reasonableness and substantive reasonableness." *Howard*, 570 F. App'x at 480. "[We] must first ensure that the district court committed no significant procedural error." *Gall v. United States*, 552 U.S. 38, 51 (2007). "If the district court's sentencing decision is procedurally sound, we then consider the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Howard*, 570 F. App'x at 480. A substantive reasonableness inquiry will "take into account the totality of the circumstances." *Gall*, 552 U.S. at 51.

B.

Emmons argues that the district court erred by rejecting his challenges to the career offender enhancement and the 18:1 crack-to-powder-cocaine ratio. Specifically, Emmons asserts that the district court failed to conduct an independent analysis, failed to give sufficient weight to a "growing national consensus" of judges disinclined to apply the enhancements in analogous cases, and failed to provide an adequately detailed explanation of the sentence. Br. 18-27. The cited errors implicate both procedural and substantive reasonableness.[1]

"A sentence is procedurally unreasonable if the district court fails to calculate (or improperly calculates) the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence." *United States v. Baker*, 559 F.3d 443, 448 (6th Cir. 2009). But a district court need not, "on its own initiative, examine the underlying bases for a Guideline before imposing a sentence." *United States v. Brooks*, 628 F.3d 791, 800 (6th Cir. 2011).

It is not disputed that Emmons' two prior felony drug offenses—for distributing 0.1 grams of crack in 1999 and 0.9 grams of crack in 2004—qualified him for the career offender

---

[1] "[T]he border between factors properly considered 'substantive' and those properly considered 'procedural' is blurry if not porous." *United States v. Liou*, 491 F.3d 334, 337 (6th Cir. 2007).

enhancement. Tr. 6. And while Emmons claims the 18:1 ratio was inappropriately applied in this case, he does not assert that it is de facto unreasonable. The district court's consideration of Emmons' motion for a non-guideline sentence demonstrates that the district court correctly treated the Guidelines as discretionary. Tr. 4-5, 14. And it is clear from the record that the Court thoroughly considered the § 3553(a) factors. *See* Tr. 24. Emmons does not contend that the sentence was based on erroneous facts. Finally, the district court provided a sufficient explanation for the sentence. While acknowledging "a lot of criticism about the career offender guidelines," it noted that Emmons "fits the definition" of a career offender, the predicate offenses "were in the Court's view serious," and Emmons "is the sort of recidivist" the enhancement was designed to target. Tr. 6, 9, 13. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority."). For these reasons, the sentence is procedurally reasonable.

The 145-month sentence imposed by the district court is also substantively reasonable. "Recidivism has long been recognized as a legitimate basis for increased punishment." *Ewing v. California*, 538 U.S. 11, 25 (2003). The district court emphasized Emmons' criminal history and his status as a recidivist. In addition to having been convicted of the two qualifying felony drug offenses, Emmons was previously convicted of "a number of . . . non-qualifying offenses" that the district court considered "serious." Tr. 13. The predicate offenses also involved a larger quantity of drugs than Emmons' prior offenses, and were committed while Emmons was on supervised release from an earlier conviction. Tr. 12.

We apply a presumption of reasonableness to sentences within the Guidelines range. *United States v. Christman*, 607 F.3d 1110, 1118 (6th Cir. 2010). The district court granted

Emmons' request for a two-level reduction, resulting in an advisory guideline range of 130 to 162 months. The district court ultimately imposed a mid-range sentence of 145 months. Based on the totality of the circumstances, we conclude the sentence is substantively reasonable and the district court did not abuse its discretion.

## II.

Emmons argues that the district court's sentence is unconstitutional because it "is excessively disproportionate and lacks a rational basis." Br. 27. The Eighth Amendment prohibits "cruel and unusual punishments." U.S. Const. amend. VIII. "The concept of proportionality is central to the Eighth Amendment," *Graham v. Florida*, 560 U.S. 48, 59 (2010), though "strict proportionality between crime and sentence" is not required, *Ewing v. California*, 538 U.S. 11, 23 (2003).

The 145-month sentence imposed by the district court was based largely on Emmons' status as a career offender, and courts have consistently held that career-offender provisions do not violate the Eighth Amendment. *See, e.g.*, *United States v. Garcia*, 20 F.3d 670, 674 (6th Cir. 1994). Not only is the sentence presumptively reasonable as within the Guidelines range, but the Supreme Court has previously upheld as constitutional more severe punishments. *See, e.g.*, *Rummel v. Estelle*, 445 U.S. 263, 265 (1980) (affirming a mandatory life sentence for a recidivist convicted of third non-violent felony). We decline to hold that the sentence imposed by the district court is so disproportionate as to be unconstitutional.

The district court's sentence is affirmed.