[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-10705
Non-Argument Calendar

_____

D.C. Docket No. 1:14-cr-00393-AT-JFK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JEFFREY SCOTT TRUITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(June 6, 2017)

Before MARTIN, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Jeffrey Scott Truitt appeals his 106-month sentence, imposed after he pled guilty to a number of drug and firearm offenses. On appeal, Truitt argues that the application of both a four level enhancement to his Sentencing Guidelines offense level for firearm trafficking and a four level enhancement for possession of firearms in connection with another felony constitutes impermissible double counting. After careful review, and for the reasons set forth below, we affirm the district court's decision.

I.

Truitt pled guilty to six federal offenses, including possession of an unregistered destructive device (Count 1), an unregistered firearm (Count 2), a stolen firearm (Count 3), methamphetamine (Count 4), and a firearm by an unlawful user of a controlled substance (Count 5). He also pled guilty to theft of firearms from a licensee (Count 6).

Before his sentencing hearing, the probation office prepared a presentence investigation report ("PSI"), which reported the details of the investigation of Truitt's criminal activity. In conjunction with the arrest of a man named Mario Rodriguez-Aviles, agents from the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") recovered 11 firearms. Agents traced some of these firearms to Mainstreet Guns & Range, where Truitt worked, and determined the firearms to be either missing without record or reported as sold to Truitt. As a result of this

information, agents executed a search warrant on Truitt's residence, where they recovered, among other things, methamphetamine, an unregistered destructive device, and a variety of firearms and ammunition. Police arrested Truitt as a result of the search.

After Truitt's arrest, ATF agents interviewed Jason Evans, an inmate incarcerated in Georgia who reported that he had sold methamphetamine to Truitt on multiple occasions and that several of these transactions involved trading firearms in exchange for methamphetamine. Evans also told agents that he obtained approximately 15 to 20 firearms from Truitt and gave the firearms to Rodriguez-Aviles in exchange for credit against his drug debt.

The probation officer calculated a base offense level of 20, pursuant to U.S.S.G. § 2K2.1, for the firearms offenses, which were grouped together for guidelines calculation purposes. In this calculation, as relevant here, Truitt received a four level enhancement pursuant to U.S.S.G § 2K2.1(b)(5) because he engaged in trafficking of firearms and a four level enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) for possession of a firearm or ammunition in connection with another felony.

Truitt objected to the § 2K2.1(b)(6)(B) enhancement, arguing that its application constituted impermissible double counting because the basis for this enhancement already was covered by the § 2K2.1(b)(5) trafficking enhancement.

The district court overruled Truitt's objection, finding that the government carried its burden of showing that there was no impermissible double counting because the enhancements under §§ 2K2.1(b)(5) and (6)(B) represented two separate harms, firearm trafficking and facilitation of drug offenses.

With these two enhancements, Truitt's total offense level was 34. That, combined with a criminal history category of I, yielded a guidelines range of 151 to 188 months' imprisonment. The district court sentenced Truitt to 106 months of imprisonment followed by three years of supervised release. This is Truitt's appeal.

## II.

We review *de novo* a claim that the district court engaged in impermissible double counting. *United States v. Matos-Rodriguez*, 188 F.3d 1300, 1310 (11th Cir. 1999). For the reasons that follow, we conclude that the district court's application of both the U.S.S.G. § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) enhancements to Truitt's guidelines range did not constitute impermissible double counting.

"Impermissible double counting occurs only when one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by application of another part of the Guidelines." *United States v. Dudley*, 463 F.3d 1221, 1226-27 (11th Cir. 2006) (internal quotation marks omitted). "We presume that the Sentencing

Commission," which promulgates the guidelines, "intended separate guidelines sections to apply cumulatively unless specifically directed otherwise." *Id.* at 1227 (internal quotation marks omitted). "Double counting a factor during sentencing is permitted if the Sentencing Commission . . . intended that result and each guideline section in question concerns conceptually separate notions relating to sentencing." *Id.* (internal quotation marks omitted). Punishment of two different kinds of harms based on the same conduct is permissible under the guidelines when "neither enhancement fully accounts for both harms." *United States v. Asante*, 782 F.3d 639, 648 (11th Cir. 2015) (internal quotation marks and alteration omitted).

Section 2K2.1(b)(5) dictates a four level enhancement if the defendant engaged in the trafficking of firearms. U.S.S.G. § 2K2.1(b)(5). Section 2K2.1's Application Notes clarify that, in general, subsection (b)(5) applies if the defendant transferred two or more firearms to another individual and "knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual—(I) Whose possession or receipt of the firearm would be unlawful; or (II) Who intended to use or dispose of the firearm unlawfully." *Id.* § 2K2.1 cmt. n.13(A). The Application Notes further state:

> In a case in which three or more firearms were both possessed and trafficked, apply both subsections (b)(1) and (b)(5). If the defendant used or transferred one of such firearms in connection with another felony offense (i.e., an offense other than a firearms possession or trafficking offense) an enhancement under subsection (b)(6)(B) also would apply.

5

*Id.* cmt. n.13(D).

Section 2K2.1(b)(6)(B) allows a four level enhancement if the defendant "used or possessed any firearm or ammunition in connection with another felony offense," or if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." U.S.S.G. § 2K2.1(b)(6)(B). The Application Notes to this subsection state that, in general, § 2K2.1(b)(6)(B) applies "if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense." *Id.* § 2K2.1 cmt. n.14(A); *see United States v. Rhind*, 289 F.3d 690, 695 (11th Cir. 2002) (noting that we give the phrase "in connection with" another felony an "expansive interpretation"). Further, the Application Notes define "another felony offense" in this context as "any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year regardless of whether" there was a criminal charge or conviction. U.S.S.G. § 2K2.1 cmt. n.14(C). As relevant to this appeal, Truitt pled guilty to possession of methamphetamine, which constitutes a felony offense under state law. O.C.G.A. § 16-13-30 (providing that offense of possession of a controlled substance is punishable by imprisonment for more than one year).

6

On appeal, Truitt does not contest the application of the trafficking enhancement.  Thus, the only question we must answer is whether the application of both the trafficking enhancement and the "in connection with another felony" enhancement constituted double counting.  There is no indication from the Sentencing Commission that it intended to forbid the application of both enhancements, *see Dudley*, 463 F.3d at 1227; to the contrary, the Application Notes expressly contemplate that both enhancements will apply where the defendant used or transferred firearms in connection with a felony offense other than firearms possession or trafficking. *See* U.S.S.G. § 2K2.1 cmt. n.13(D).

Truitt argues that there is double counting here because both enhancements punished his trafficking of firearms, and the guidelines expressly exclude from the definition of "another felony offense" any "firearms possession or trafficking offense." *Id.*  We disagree.  While the application of the § 2K2.1(b)(5) enhancement punished Truitt's transfer of firearms, the application of the § 2K2.1(b)(6)(B) enhancement punished his possession of methamphetamine, which constitutes "another felony offense" under the guidelines.  U.S.S.G. § 2K2.1 cmt. n.14(C); *see* O.C.G.A. § 16-13-30.  Indeed, we previously held that the sale of a firearm in exchange for drugs facilitates a drug offense and is therefore seen as "in connection with" that offense under U.S.S.G. § 2K2.1.  *United States v. Carillo-Ayala*, 713 F.3d 82, 96 (11th Cir. 2013).  As in *Carillo-Ayala*, Truitt's

7

possession of firearms was "in connection with another felony offense" within the meaning of the guidelines. And the harms associated with possession of methamphetamine are separate from those associated with trafficking of firearms such that "neither enhancement fully accounts for both harms." *Asante*, 782 F.3d at 647-48 (internal quotation marks and alteration omitted). Accordingly, there was no impermissible double counting, and we affirm the sentence the district court imposed.

**AFFIRMED.**