In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 17-2222

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

NICOLAS RODRIGUEZ,

*Defendant-Appellant*.

———————————

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 15 CR 250 — **Matthew F. Kennelly**, *Judge*.

———————————

ARGUED NOVEMBER 29, 2017 — DECIDED MARCH 7, 2018

———————————

Before WOOD, *Chief Judge*, and RIPPLE and KANNE, *Circuit Judges*.

KANNE, *Circuit Judge*. Nicolas Rodriguez pled guilty to dealing firearms without a license and distributing cocaine. In his plea agreement, Rodriguez admitted to selling cocaine to an informant on one occasion and selling firearms to that informant on eight other occasions.

The plea agreement also suggests that Rodriguez was aware that the guns he sold were being used to commit felonies. Indeed, Rodriguez admitted that he and the informant discussed the use of the weapons. For example, Rodriguez told the informant "You got 50 in the box. You better shoot them flakes." (R. 62 at 5.) Rodriguez also asked if the informant's "boys" had used a Tec-9 semi-automatic pistol that he had previously sold. (*Id.* at 5–6.) The informant responded that they had used it once. After those conversations, Rodriguez continued to sell the informant firearms.

At sentencing, the district court applied a four-level enhancement under U.S.S.G § 2K2.1(b)(5) for trafficking firearms ("trafficking enhancement"). And it applied an additional four-level enhancement under U.S.S.G § 2K2.1(b)(6)(B) for transferring a firearm with the knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense ("other-felony enhancement"). The enhancements produced a guideline range of 135 to 168 months. Ultimately, the district court imposed a below guidelines sentence of 108 months' imprisonment. Rodriguez now appeals.

## I. ANALYSIS

Rodriguez argues that the district court's simultaneous application of the trafficking and other-felony enhancements was impermissible double counting. Neither the text of the enhancements nor their application note supports his assertion.

*A. The "trafficking" and "other-felony" enhancements*

U.S.S.G § 2K2.1 addresses enhancements for the "Unlawful Receipt, Possession, or Transportation of Firearms or Ammunition; Prohibited Transactions Involving Firearms or Ammunition." The trafficking enhancement requires a four-level increase to the base offense level if the defendant "engaged in the trafficking of firearms." § 2K2.1(b)(5). The other-felony enhancement has multiple triggers. But the one relevant here—Part (B)—requires a minimum four-level increase if the defendant "used or possessed any firearm or ammunition in connection with another felony offense" or if the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." § 2K2.1(b)(6)(B).

The Sentencing Commission's commentary gives further guidance on the simultaneous application of these enhancements and provides the following:

> In a case in which three or more firearms were both possessed and trafficked, apply [the trafficking enhancement]. If the defendant used or transferred one of such firearms in connection with another felony offense [the other-felony enhancement] also would apply.

§ 2K2.1 cmt. n.13(D).

*B. Simultaneous application of the trafficking and other felony enhancements*

"In the context of guidelines sentencing, the term 'double counting' refers to using the same conduct more than once to increase a defendant's guidelines sentencing range." *United*

*States v. Vizcarra*, 668 F.3d 516, 519 (7th Cir. 2012). But double counting is permitted unless the text of the guidelines or the authoritative commentary expressly prohibits it. *Id*. at 519-20. Thus, to find that the court erred by applying the trafficking and other-felony enhancements simultaneously, we must conclude that the guidelines expressly prohibit it.

Rodriguez argues that Application Note 13(D) does just that. First, he observes that the other-felony enhancement applies in two distinct scenarios: (1) when the defendant uses or possesses the firearms in connection with another felony or (2) when the defendant possesses or transfers the firearms with knowledge, intent, or reason to believe that they will be used in connection with another felony offense. He then points to the language of the application note, *supra*, which does not mention the "knowledge, intent, or reason to believe" language present in the second scenario. *See* § 2K2.1 cmt. n.13(D). This omission, he argues, means that the note permits double counting only in the first scenario, when the defendant himself uses or possesses the firearms in connection with another felony. It would not apply in the second scenario, when the defendant transfers the firearms and the recipient commits the other-felony offense.

Were Rodriguez's reading correct, the court could not apply both sentencing enhancements because his conduct falls under the second scenario. But Rodriguez misreads the application note. First, the note mentions that both enhancements should be applied if the defendant "transferred any firearm." § 2K2.1 cmt. n.13(D). "Transferred" only appears in the second scenario. § 2K2.1(b)(6)(B). Second, reading the note to forbid simultaneous application of the trafficking enhancement and the other-felony enhancement when the court bases the

other-felony enhancement on the defendant's "knowledge, intent, or reason to believe" reads part of that clause out of the guideline. Indeed, any time a defendant transfers a firearm with the knowledge, intent, or reason to believe that it would be used in connection with another felony they will necessarily have trafficked firearms. As a result, the guidelines fall far short of expressly prohibiting simultaneous application of the trafficking enhancement and the other-felony enhancement.

## II. Conclusion

Nicolas Rodriguez argues that the district court improperly double counted when it applied both the trafficking and other-felony enhancements. But double counting is only forbidden when the text of the guidelines or the commentary expressly prohibits it. Because the guidelines do not prohibit simultaneous application of the trafficking and other-felony enhancements, we AFFIRM the district court's sentence.