RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0208p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

WAYNE RUSSELL FUGATE,

*Defendant-Appellant*.

No. 19-6163

Appeal from the United States District Court
for the Eastern District of Kentucky at Lexington.
No. 5:19-cr-00038-3—Danny C. Reeves, District Judge.

Decided and Filed:  July 10, 2020

Before:  MOORE, SUTTON, and WHITE, Circuit Judges.

_____

### COUNSEL

**ON BRIEF:**  Whitney True Lawson, TRUE GUARNIERI AYER, LLP, Frankfort, Kentucky, for Appellant.  Charles P. Wisdom, Jr., John Patrick Grant, UNITED STATES ATTORNEY'S OFFICE, Lexington, Kentucky, for Appellee.

MOORE, J., delivered the opinion of the court in which WHITE, J., joined.  SUTTON, J. (pp. 12–14), delivered a separate dissenting opinion.

_____

### OPINION

_____

KAREN NELSON MOORE, Circuit Judge.  Wayne Russell Fugate pleaded guilty to being a felon in possession of a firearm in connection with a firearms-trafficking operation.  At sentencing, the district court applied two separate enhancements for the same conduct:  an

enhancement under U.S.S.G. § 2K2.1(b)(5) for engaging in trafficking of firearms, and an enhancement under U.S.S.G. § 2K2.1(b)(6)(B) for possessing or trafficking firearms in connection with another felony—here, *knowingly* trafficking *stolen* firearms under 18 U.S.C. § 922(j). We hold that applying the § 2K2.1(b)(6)(B) enhancement based on knowingly trafficking stolen firearms under § 922(j) was impermissible double-counting under the Sentencing Guidelines. We accordingly **REVERSE** the district court's sentence of Fugate to 97 months' imprisonment and **REMAND** for resentencing.

## I. BACKGROUND

Fugate sold stolen firearms and other property that he acquired from co-defendants conducting widespread thefts from automobiles across Kentucky, Ohio, Tennessee, and West Virginia. R. 112 (Sent'g Hr'g Tr. at 8–9, 12–13, 15) (Page ID #371–72, 375–76, 378). The authorities recovered twenty-five firearms in their search of Fugate's residence, and Fugate's wife tracked down and turned over an additional seven firearms that Fugate had sold. *Id.* at 9 (Page ID #372). Fugate could not say how many firearms he had sold, or where exactly they came from (other than that they were taken from vehicles). *Id.* at 10 (Page ID #373). He admitted to the police that he sold them to drug traffickers and gang members. *Id.* at 11 (Page ID #374). The authorities were able to determine that at least some of the firearms that Fugate had possessed or trafficked truly were stolen. *Id.* at 16 (Page ID #379). Fugate himself admitted that he knew that some of the firearms had been stolen. *Id.* at 17 (Page ID #380).

Fugate was indicted on two charges: (1) being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1),[1] and (2) receipt, possession, or trafficking of firearms and ammunition, "knowing and having reasonable cause to believe the firearms and ammunition were stolen," in violation of 18 U.S.C. § 922(j). R. 1 (Indictment at 5–7) (Page ID #5–7). On May 13, 2019, Fugate pleaded guilty to the § 922(g)(1) charge. R. 63 (Plea Agreement at 1–2, ¶¶ 1, 3) (Page ID #145–46). In return, the Government agreed to dismiss the § 922(j) charge. *Id.* at 1, ¶ 1 (Page ID #145).

---

[1]Previously, Fugate had been convicted of the felony offense of possession of firearms by an unlawful user of controlled substances. R. 63 (Plea Agreement at 2, ¶ 3) (Page ID #146).

The Presentence Report ("PSR") calculated Fugate's total offense level under the Sentencing Guidelines to be 27, with a Category II Criminal History. R. 108 (PSR at 40) (Page ID #300). After starting with a base offense level of fourteen, the PSR recommended multiple enhancements: (1) a six-level enhancement under § 2K2.1(b)(1)(C) because the offense involved at least twenty-five but less than ninety-nine firearms; (2) a two-level enhancement under § 2K2.1(b)(4)(A) because some firearms were stolen; (3) a four-level enhancement under § 2K2.1(b)(5) because Fugate engaged in the trafficking of firearms; and (4) a four-level enhancement under § 2K2.1(b)(6)(B) because Fugate possessed or trafficked the firearms "in connection with another felony offense, or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." R. 108 (PSR at 6, ¶¶ 21–24) (Page ID #314). The PSR also recommended a three-level reduction for acceptance of responsibility. *Id.* at 7, ¶ 30 (Page ID #315). Altogether, the calculated Guidelines range for sentencing was 78 to 97 months' imprisonment. R. 108 (PSR at 40) (Page ID #300).

At sentencing, the district court applied the enhancements recommended in the PSR, including the two separate four-level enhancements under § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). *See* R. 112 (Sent'g Hr'g Tr. at 22–26) (Page ID #385–89). Fugate objected to the district court's application of the § 2K2.1(b)(6)(B) enhancement, which was premised on both a § 922(j) violation for knowingly trafficking stolen firearms and the fact that he sold the firearms to drug traffickers and gang members likely to use or possess the firearms in connection with another felony. *Id.* at 23–24 (Page ID #386–87). The district court overruled Fugate's objections and sentenced him to 97 months' imprisonment—the top of the Guidelines range. *Id.* at 22–27, 36 (Page ID #385–90, 399); R. 104 (Judgment at 2) (Page ID #291). The district court considered Fugate's family support, work history, assistance to law enforcement, and addiction issues, but found that the severity of his crime, his central role in the trafficking scheme, and his failure to reform his past conduct warranted a more stringent sentence. R. 112 (Sent'g Hr'g Tr. at 26–36) (Page ID #389–99). Fugate did not object to the district court's consideration of these factors. *Id.* at 40 (Page ID #403).

Fugate retained his right to appeal the final sentence pursuant to the Plea Agreement. R. 63 (Plea Agreement at 4, ¶ 8) (Page ID #148).  We have jurisdiction over his timely appeal.

## II.  DISCUSSION

"We review a district court's sentence for procedural and substantive reasonableness, applying the abuse of discretion standard." *United States v. Seymour*, 739 F.3d 923, 929 (6th Cir. 2014).  "Our review of procedural reasonableness includes determining whether the district court properly calculated a defendant's Guidelines range." *Id.* Fugate makes several challenges to the procedural and substantive reasonableness of his sentence.  Ultimately, we must reverse.

Fugate challenges the district court's application of the § 2K2.1(b)(6)(B) enhancement based on both a § 922(j) violation for knowingly trafficking stolen firearms and his sale of the firearms to drug traffickers and gang members likely to use or possess the firearms in connection with another felony.  We review de novo the district court's interpretation of the Sentencing Guidelines and review its findings of fact for clear error. *United States v. Brown*, 579 F.3d 672, 677 (6th Cir. 2009).  We give deference to the district court's application of the Guidelines to the facts. *Id.* "In the specific context of the § 2K2.1(b)(6)(B) firearm enhancement, 'we review the district court's factual findings for clear error and accord due deference to the district court's determination that the firearm was used or possessed in connection with the other felony, thus warranting application of the . . . enhancement.'" *United States v. Jackson*, 877 F.3d 231, 236 (6th Cir. 2017) (quoting *Seymour*, 739 F.3d at 929).  "The government bears the burden of establishing the factors supporting this enhancement by a preponderance of the evidence." *Seymour*, 739 F.3d at 929.

Fugate pleaded guilty to knowing possession of firearms as a felon in violation of § 922(g)(1).  In exchange for his plea, the Government agreed to drop the charge for knowingly trafficking stolen firearms under § 922(j).  But at sentencing, the Government argued that Fugate should be subject to multiple enhancements for trafficking the firearms—first, under § 2K2.1(b)(5) for trafficking firearms, and second, under § 2K2.1(b)(6)(B) for possessing or trafficking knowingly stolen firearms in violation of § 922(j) and for selling the firearms to drug traffickers and gang members.  Finding that Fugate indeed had trafficked stolen firearms

knowingly under § 922(j), the district court applied the § 2K2.1(b)(6)(B) enhancement, in addition to a firearms-trafficking four-level enhancement under § 2K2.1(b)(5). That meant that Fugate was punished twice for trafficking firearms—once simply for engaging in the trafficking of firearms under § 2K2.1(b)(5), and once for *knowingly* trafficking *stolen* firearms under § 2K2.1(b)(6)(B).[2]

Under § 2K2.1(b)(6)(B), a four-level sentencing enhancement applies "[i]f the defendant . . . [1] used or possessed any firearm or ammunition in connection with another felony offense; or [2] possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The district court applied the enhancement to Fugate because (1) he unlawfully possessed the firearms in connection with another felony—knowingly trafficking stolen firearms under § 922(j)—and (2) he transferred the firearms with knowledge or reason to believe that the new owners would use or possess the firearms in connection with another felony offense. Fugate argues that neither rationale can be sustained on appeal.

Whether a § 2K2.1(b)(6)(B) enhancement can be premised on a firearms possession or trafficking offense when the court already has applied an enhancement under § 2K2.1(b)(5) is an issue of first impression. Usually, district courts apply the § 2K2.1(b)(6)(B) enhancement when the defendant used the firearms in connection with a completely distinct crime, like drug trafficking. *See, e.g.*, *United States v. Sweet*, 776 F.3d 447, 450 (6th Cir. 2015) (trading firearms for drugs); *United States v. Harris*, 552 F. App'x 432, 437–38 (6th Cir. 2014) (same); *United States v. Shanklin*, 924 F.3d 905, 919–22 (6th Cir. 2019) (firearms facilitating drug trafficking); *United States v. Simmons*, 630 F. App'x 365, 370–73 (6th Cir. 2015) (same). We also note that the general rule in our circuit is that impermissible "double-counting" occurs when two enhancements punish "precisely the same aspect of the defendant's conduct." *See Sweet*, 776 F.3d at 451 (quoting *United States v. Battaglia*, 624 F.3d 348, 351 (6th Cir. 2010)). The

---

[2]The dissent asserts that the district court applied both enhancements to punish Fugate for "two distinct acts: (1) helping others sell stolen firearms and (2) selling stolen firearms himself." Diss. Op. at 13. Not so. The district court made no such distinction at the sentencing hearing, and one cannot be implied by virtue of the district court adopting the pre-sentence report's description of the events leading to Fugate's conviction. And, more importantly, facilitating the sale of firearms and selling firearms are two parts of the same whole: firearms trafficking.

district court correctly observed in this case that the § 2K2.1(b)(6)(B) enhancement punishes a distinct aspect of the defendant's conduct—*knowingly* trafficking *stolen* weapons under § 922(j). *See* R. 112 (Sent'g Hr'g at 24–25) (Page ID #387–88). Ordinarily, that would mean that no double-counting occurred. The particular question in this case is whether the plain language of § 2K2.1 goes farther than our baseline rule and bars double-counting of *any* two firearms possession or trafficking offenses.

We hold that firearms possession or trafficking offenses cannot form the basis of a § 2K2.1(b)(6)(B) enhancement when the § 2K2.1(b)(5) enhancement has been applied. Our answer turns on the relationship between § 2K2.1(b)(6)(B) and § 2K2.1(b)(5). Section 2K2.1(b)(5) provides for a four-level enhancement if the defendant "engaged in the trafficking of firearms." Fugate received the § 2K2.1(b)(5) enhancement in addition to the § 2K2.1(b)(6)(B) enhancement—each based on his trafficking of firearms.[3] This was error.

Application Note 13(D) to § 2K2.1(b)(5) states that an enhancement under § 2K2.1(b)(6)(B) will apply in addition to § 2K2.1(b)(5) "[i]f the defendant used or transferred one of such firearms in connection with another felony offense (i.e., *an offense other than a firearms possession or trafficking offense*)." (emphasis added). Application Note 14(C) to § 2K2.1(b)(6)(B) echoes the instruction in Application Note 13(D) by defining "another felony offense" as "any federal, state, or local offense, *other than the explosive or firearms possession or trafficking offense*, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained." (emphasis added). Thus, the

---

[3]Fugate did not raise a double-counting issue based on § 2K2.1(b)(5) in his opening brief and instead raised it for the first time in his reply. The Government contends that this means that his double-counting argument is waived. We conclude, however, that Fugate's argument was properly raised in response to the Government's brief. Fugate has consistently relied on the commentary to § 2K2.1 to argue that the application of the (b)(6)(B) enhancement is prohibited in his case. Fugate shifted the precise basis of that argument in his reply brief in an attempt to distinguish his case from a case relied on by the government in its appellee brief, *United States v. Hemsher*, 893 F.3d 525 (8th Cir. 2018). In any event, we must consider the enhancement scheme as a whole to interpret § 2K2.1(b)(6)(B). We do not deem the double-counting argument waived.

We also note that because Fugate raised the double-counting issue at sentencing, we do not agree with the dissent that Fugate forfeited the issue by failing to raise it before the district court. *See* R. 112 (Sent'g Hr'g Tr. at 24) (Page ID #387) ("[Defense Counsel]: Well, and Your Honor, I am looking at [a] case . . . [that] dealt specifically with this very issue which it states – it deals with the issue of double counting in this circumstance where he's, in fact, being punished for one conduct, and then being punished for it again.").

Application Notes carve out firearms possession or trafficking offenses from felony offenses that qualify for the § 2K2.1(b)(6)(B) enhancement.

There is one notable difference, however, between the language in Application Notes 13(D) and 14(C).  Application Note 13(D) to § 2K2.1(b)(5) says "an offense other than *a* firearms possession or trafficking offense," whereas Application Note 14(C) to § 2K2.1(b)(6)(B) says "any . . . offense, other than *the* explosive or firearms possession or trafficking offense." (emphasis added).  The use of "a" in Application Note 13(D) suggests that a defendant cannot receive a second enhancement under § 2K2.1(b)(6)(B) for *any* firearms possession or trafficking offense.  The use of "the" in Application Note 14(C), on the other hand, could signal that only the underlying firearms possession or trafficking offense of conviction—here, Fugate's conviction for being a felon in possession of a firearm in violation of § 922(g)(1)—is excluded from the types of felony offenses that qualify for the § 2K2.1(b)(6)(B) enhancement.  The Eighth Circuit adopted the latter interpretation in *United States v. Hemsher*, 893 F.3d 525, 535 (8th Cir. 2018).  In doing so, the Eighth Circuit reasoned that the use of "the" in Application Note 14(C) controls because Application Note 14(C) is tasked with explaining § 2K2.1(b)(6)(B), the enhancement at issue.  *Id.* at 534–35.  Therefore, in the Eighth Circuit's view, any firearms possession or trafficking offense other than the underlying offense of conviction can qualify for the § 2K2.1(b)(6)(B) enhancement.

We see it the other way around.  Under the § 2K2.1 enhancement scheme, courts first must decide whether a defendant has engaged in firearms trafficking, which would justify a § 2K2.1(b)(5) enhancement.  If yes, the question becomes whether an additional enhancement under § 2K2.1(b)(6)(B) is appropriate.  In this scenario, where the court has applied the § 2K2.1(b)(5) enhancement and is considering whether to apply an additional enhancement under § 2K2.1(b)(6)(B), Application Note 13(D) to § 2K2.1(b)(5) directs courts to apply the § 2K2.1(b)(6)(B) enhancement only if the § 2K2.1(b)(6)(B) enhancement is based on a felony offense other than a firearms possession or trafficking offense.  Thus, Application Note 13(D) is designed to prevent double-counting of firearms possession or trafficking offenses.  Because the Sentencing Guidelines require courts to work through Application Note 13(D) after applying § 2K2.1(b)(5) before they even reach § 2K2.1(b)(6)(B), Application Note 13(D) controls our

interpretation of Application Note 14(C), once § 2K2.1(b)(5) has been applied. Taking the enhancement scheme as a whole, a firearms possession or trafficking offense cannot form the basis for a § 2K2.1(b)(6)(B) enhancement as "another felony offense" after the application of § 2K2.1(b)(5).

The same is true for the second clause of § 2K2.1(b)(6)(B), which provides for an enhancement where the defendant "possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." Here, the second clause arguably could apply to Fugate because, as the district court noted, Fugate transferred firearms to gang members and drug traffickers, who likely were prohibited from possessing a firearm or might use the firearm to commit a felony. Putting aside the inference (which is questionable) that the mere fact that Fugate transferred the firearms to gang members and drug traffickers means that the firearms were in the possession of prohibited persons or were used in the commission of a felony,[4] the § 2K2.1(b)(6)(B) enhancement cannot be sustained on these grounds. This time, the answer lies in Application Note 13(A), which explains what counts as "engag[ing] in the trafficking of firearms" under § 2K2.1(b)(5).

Application Note 13(A) to § 2K2.1(b)(5) describes "engag[ing] in the trafficking of firearms" as "transport[ing], transfer[ring], or otherwise dispos[ing] of two or more firearms to another individual, or receiv[ing] two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual," while knowing or having reason to believe that the firearms will wind up in the hands of someone "whose possession or receipt of the firearm would be unlawful" or "who intended to use or dispose of the firearm unlawfully." In

---

[4]There is no hardline rule that any sale of firearms to drug traffickers or gang members imputes to the defendant knowledge, intent, or reason to believe that the firearms will be used or possessed in connection with another felony offense. We instead look to all the surrounding circumstances to decide whether the district court's conclusions were reasonable. For example, we have considered as context the nature of the firearms sold, the quantity of firearms sold, the time of day, the defendant's conduct during the sale, and whether the sale of firearms accompanied a drug deal. *See, e.g.*, *United States v. Freeman*, 640 F.3d 180, 188–89 (6th Cir. 2011); *United States v. Turner*, 698 F. App'x 803, 806–07 (6th Cir. 2017); *United States v. Jenkins*, 528 F. App'x 483, 486 (6th Cir. 2013). Pertinent here, "[w]e ha[d] no problem concluding that [the defendant's] sale of firearms to his heroin dealer *in the wee hours of the morning in exchange for heroin and cash* gave him reason to know or have reason to believe that his heroin dealer 'intended to use or dispose of the firearm unlawfully.'" *Freeman*, 640 F.3d at 189 (quoting *then* U.S.S.G. § 2K2.1(b)(5) cmt. n.13, *now* § 2K2.1(b)(5) cmt. n.13(A)(ii)(II)) (emphasis added).

simpler terms, a defendant qualifies for the § 2K2.1(b)(5) firearms trafficking enhancement if he transferred or received two or more firearms with the knowledge that the firearms will then go to someone who cannot lawfully possess the firearms or who will use the firearms unlawfully. What is key here is that the second clause of § 2K2.1(b)(6)(B) describes conduct that falls within Application Note 13(A)'s description of firearms trafficking—possessing or transferring a firearm to someone who cannot lawfully possess it or who will use it to commit a crime. In other words, the second clause of § 2K2.1(b)(6)(B) is already covered by § 2K2.1(b)(5). It does not add anything new. Therefore, applying the § 2K2.1(b)(6)(B) enhancement, in addition to the § 2K2.1(b)(5) enhancement, based on the sale of firearms to a prohibited person or someone likely to commit a felony is impermissible double-counting, too.

We are not alone in our conclusion that firearms-trafficking offenses do not qualify for the § 2K2.1(b)(6)(B) enhancement when the § 2K2.1(b)(5) enhancement is applied. The Seventh Circuit similarly has held that courts cannot "appl[y] both the trafficking enhancement and the other felony offense enhancement based on the same *conduct*." *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013) (emphasis added). "This double counting [is] impermissible because Application Note 13(D) to § 2K2.1 expressly prohibits it." *Id.* Like here, the defendant in *Johns* pleaded guilty to being a felon in possession of a firearm under § 922(g)(1). *See id.* at 737. The district court applied both the trafficking enhancement under § 2K2.1(b)(5) and the enhancement for transfer in connection with another felony offense under § 2K2.1(b)(6)(B) for the same conduct: trafficking the firearms in a larger trafficking scheme.[5] The Seventh Circuit held that that was error. *Id.* at 740. Whatever the elements of the firearms possession or trafficking offense might be, courts cannot, without something more, count the defendant's firearms

---

[5]The firearms at issue in *Johns* appear to have been stolen as well. 732 F.3d at 737 (citing PSR). It is not clear, however, whether the defendant in *Johns* knew or had reason to believe that the firearms were stolen. It could be, then, that there was no basis for a § 922(j) charge in *Johns* as there is here because, unlike a § 922(j) charge, knowledge that the firearms are stolen is not required for a § 2K2.1(b)(5) enhancement. Nevertheless, this distinction makes no difference. As the Seventh Circuit stated, Application Note 13(D) excises firearms possession or trafficking *conduct* from § 2K2.1(b)(6)(B) when § 2K2.1(b)(5) is applied, not a particular firearms possession or trafficking *offense*. *See Johns*, 732 F.3d at 740.

possession or trafficking conduct twice via both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) at sentencing.[6]

This result also is consistent with our precedent on double-counting in the context of § 2K2.1. We held in *Sweet* that courts may apply both the § 2K2.1(b)(5) and the § 2K2.1(b)(6)(B) enhancement for the transfer of firearms to facilitate a drug deal. 776 F.3d at 451. "[T]he § 2K2.1(b)(5) enhancement punished [the defendants] for transferring guns to an individual who could not lawfully possess them, *see* U.S.S.G. § 2K2.1 cmt. 13, while the § 2K2.1(b)(6)(B) enhancement punished them for using the firearms to facilitate the distribution of heroin." *Id.* Were there evidence in this case that Fugate had sold the firearms to drug dealers *in exchange for drugs*, we would have no problem concluding that both enhancements apply. *See United States v. Truitt*, 696 F. App'x 391, 394 (11th Cir. 2017) (per curiam) ("[T]he harms associated with possession of methamphetamine are separate from those associated with trafficking of firearms such that neither enhancement fully accounts for both harms." (quotation omitted)). That is the paradigmatic case for an application of both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B). And the rule we announce today in no way disrupts the application of § 2K2.1(b)(6)(B) where there is no overlap with § 2K2.1(b)(5), as is often the case. *See supra* at pp. 5–6.

---

[6]The Second Circuit came to effectively the same conclusion with different reasoning. *See United States v. Young*, 811 F.3d 592, 599–604 (2d Cir. 2016). It similarly held that "Application Note 13(D) avoids the simultaneous application of two provisions likely in many circumstances to punish the same behavior." *Id.* at 603; *see also United States v. Truitt*, 696 F. App'x 391, 394 (11th Cir. 2017) (per curiam) ("[T]he Application Notes expressly contemplate that both enhancements will apply where the defendant used or transferred firearms in connection with a felony offense other than firearms possession or trafficking.").

The Second Circuit held that an enhancement under the second clause of § 2K2.1(b)(6)(B) is *never* proper if the § 2K2.1(b)(5) trafficking enhancement applies—meaning that no prospective offense committed by the recipient of the firearms (drug trafficking, robbery, etc.) could warrant the application of the § 2K2.1(b)(6)(B) enhancement. To get there, the Second Circuit emphasized that Application Note 13(D) omits mention of transfers of firearms made "with knowledge, intent, or reason to believe it would later be used in connection with another felony offense." *See Young*, 811 F.3d at 602. Thus, "by negative implication, . . . when the 'trafficking' enhancement applies, a sentence may be enhanced under the in-connection-with [another felony] clause but not under the reason-to-believe [the firearms will be used in the commission of another felony] clause." *Id.* The problem with this analysis is that Application Note 13(D) permits courts to apply the § 2K2.1(b)(6)(B) enhancement when the firearm is "used or *transferred* in connection with" another felony. (emphasis added). "Transferred" only shows up in the second clause, not the first clause, of § 2K2.1(b)(6)(B). That suggests that Application Note 13(D) does in fact address the second clause of § 2K2.1(b)(6)(B), and therefore that an additional enhancement under the second clause of § 2K2.1(b)(6)(B) can be proper in some circumstances.

Because § 2K2.1 prohibits double-counting of firearms trafficking offenses by applying both § 2K2.1(b)(5) and § 2K2.1(b)(6)(B) for engaging in the trafficking of firearms, we hold that the district court erred when, after applying the § 2K2.1(b)(5) enhancement to Fugate, it then applied the § 2K2.1(b)(6)(B) enhancement for knowingly trafficking stolen firearms in violation of § 922(j) and for selling the firearms to drug traffickers and gang members. We accordingly need not address his additional challenges to the procedural and substantive reasonableness of his sentence based on the district court's consideration of the 18 U.S.C. § 3553(a) sentencing factors.

## III. CONCLUSION

We **REVERSE** the district court's sentence of Fugate to 97 months' imprisonment and **REMAND** for resentencing.

---

**DISSENT**

---

SUTTON, Circuit Judge, dissenting.   Readers may wonder, as I initially did, why the district court never addressed Fugate's double-counting argument.   The answer is that Fugate never raised it.   He did not raise it in his objections to the government's pre-sentence report.   He did not raise it during the sentencing hearing.   He did not raise it at the end of the sentencing hearing when, consistent with our urging, the district court gave Fugate one last chance and asked him if he had "any objections" under *United States v. Bostic*, 371 F.3d 865, 872 (6th Cir. 2004), to the proposed sentence.   R.112 at 39–40.   He did not even raise the issue in his opening brief on appeal.   Not until his reply brief on appeal did he raise the point.

On this record, I would be reluctant to reverse a district court's judgment based on an argument forfeited four times over even if I thought the court erred.   But the district court did not err.   Least of all did it do so plainly.   *United States v. Vonner*, 516 F.3d 382, 385–86 (6th Cir. 2008) (en banc).

In steering a district court's discretion about how to punish a defendant, the sentencing guidelines increase a defendant's sentencing range if he engaged in other harmful behavior to society while committing a crime, say by using stolen weapons to facilitate other felonies.   Such enhancements sometimes cover related conduct, creating the potential for double-counting.   If "precisely the same aspect of the defendant's conduct factors into his sentence in two separate ways," the district court has committed an error.   *United States v. Sweet*, 776 F.3d 447, 451 (6th Cir. 2015) (quotation omitted).   But no double counting occurs if the "enhancements penalize distinct aspects of [the] defendant's conduct." *Id.* (quotation and alterations omitted).

That's all that happened.   Take each guideline and each enhancement.   The firearms trafficking guideline, U.S.S.G. § 2K2.1(b)(5), penalized Fugate's decision to *sell* stolen firearms to "drug traffickers" and "gangbangers," as Fugate admitted in his words he did.   R.112 at 11. He "disposed of two or more firearms to another individual" and "knew or had reason to believe that such conduct would result in the . . . disposal of a firearm to an individual . . . who intended

to use or dispose of the firearm unlawfully." U.S.S.G. § 2K2.1 cmt. n.13(A). That accounts for one enhancement.

The firearms possession guideline, U.S.S.G. § 2K2.1(b)(6)(B), punished Fugate for a different act: *buying* stolen firearms. The guideline applies if a person possesses a firearm "in connection with another felony offense." *Id.* For the guideline to apply, the possession must have "had the potential of facilitating another felony offense." *Id.* cmt. n.14(A). Fugate's conduct readily clears this bar. When he purchased (and possessed) the firearms from his compatriots, he facilitated their commission of felony firearms trafficking offenses. *See* 18 U.S.C. § 922(d), (i), (j); *see also United States v. Juarez*, 626 F.3d 246, 254 (5th Cir. 2010); *United States v. Jackson*, 741 F.3d 861, 863 (7th Cir. 2014); *United States v. Hemsher*, 893 F.3d 525, 535 (8th Cir. 2018).

Far from punishing "precisely the same aspect of the defendant's conduct," the guidelines punished precisely two distinct acts: (1) helping others sell stolen firearms and (2) selling stolen firearms himself. All of this was apparent from the pre-sentence report, which described in detail how Fugate's compatriots sold him stolen weapons and which the district court adopted in its entirety. On top of that, an officer testified at the sentencing hearing that Fugate confessed to selling weapons to people he knew to be "drug traffickers" and "gangbangers." R.112 at 11.

No doubt, the district court could have said more. But Fugate never asked it to say more—or for that matter to say anything on this score. No doubt, a district court could use these two guidelines to create a double-counting violation by imposing the two enhancements for the same sale to the same third party for the same reason. But that did not happen.

Nor can Fugate plausibly argue that his comment about "double counting" at sentencing preserved the point. *Id.* at 24. That statement concerned an utterly distinct double-counting argument, one not relied on by the Court here.

Which brings me to one last undoubted point. On remand, the district court can fix this alleged problem by clarifying that each enhancement covers different transactions, concerns different third parties, and has different objectives. *See, e.g.*, *United States v. Johns*, 732 F.3d 736, 740 (7th Cir. 2013). No court has held that courts can never use both guidelines to enhance

a defendant's sentence.  And some have confirmed the self-evident point that they may.  *See Sweet*, 776 F.3d at 451; *United States v. Rodriguez*, 884 F.3d 679, 681 (7th Cir. 2018).

Respectfully, I dissent.