NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0054n.06
No. 19-4231

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

**FILED**
Jan 26, 2021
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DAVID THOMAS, JR., | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE: BATCHELDER, GRIFFIN, and STRANCH, Circuit Judges.

PER CURIAM. David Thomas, Jr., appeals his judgment of conviction and 200-month sentence for drug offenses. As set forth below, we **AFFIRM**.

A federal grand jury returned an indictment charging Thomas with possession with intent to distribute 500 grams or more of a mixture and substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and possession with intent to distribute 12.15 grams of a mixture and substance containing heroin and fentanyl, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). Thomas pleaded guilty to both counts without a plea agreement. Thomas's presentence report set forth a base offense level of 32 based on the drug quantity involved, but his prior Ohio convictions for drug trafficking resulted in his designation as a career offender and an enhanced offense level of 37. Thomas's criminal history score of 13 and his designation as a career offender established a criminal history category of VI. At sentencing, the district court granted Thomas a three-level reduction for his acceptance of responsibility,

resulting in a guidelines range of 262 to 327 months of imprisonment. Thomas requested a 120-month sentence, the mandatory minimum penalty. Granting a downward variance from the career-offender range based on Thomas's difficult upbringing, drug addiction, and family support, the district court sentenced him to 200 months of imprisonment followed by ten years of supervised release.

This timely appeal followed. Thomas argues (1) that the district court abused its discretion in sentencing him to 200 months of imprisonment and (2) that his counsel provided ineffective assistance.

We review the district court's sentencing determination for procedural and substantive reasonableness under a deferential abuse-of-discretion standard. *See United States v. Fugate*, 964 F.3d 580, 583 (6th Cir. 2020). Thomas appears to raise a procedural challenge to his sentence—that his prior drug-trafficking convictions do not constitute controlled substance offenses under the career-offender guidelines.[1] But Thomas clarifies in his reply brief that he does not make this argument and instead argues that his designation as a career offender rendered his sentence unreasonably long—a challenge to the substantive reasonableness of his sentence.

"The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). A challenge to a

---

[1] We grant the government's motion to take judicial notice of records from Thomas's state-court cases. *See* Fed. R. Evid. 201; *United States v. Ferguson*, 681 F.3d 826, 834 (6th Cir. 2012). Thomas pleaded guilty in the Summit County Court of Common Pleas to trafficking in cocaine in 2010 and to trafficking in heroin in 2015. The indictments in those cases charged Thomas with violating Ohio Revised Code § 2925.03(A), tracking the language of § 2925.03(A)(2): "he did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a drug, . . . when [he] knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by [him] or another person." Because this court has held that a conviction under Ohio Revised Code § 2925.03(A)(2) qualifies as a controlled substance offense under the career-offender guidelines, *United States v. Smith*, 960 F.3d 883, 891 (6th Cir. 2020), any challenge to Thomas's career-offender designation on the basis that his prior drug-trafficking convictions did not constitute predicate offenses would fail.

sentence's substantive reasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others." *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). "Weighing those factors 'is a matter of reasoned discretion, not math, and our highly deferential review of a district court's sentencing decisions reflects as much.'" *United States v. Castro*, 960 F.3d 857, 869 (6th Cir. 2020) (quoting *Rayyan*, 885 F.3d at 442). We apply a rebuttable presumption of substantive reasonableness to a sentence within the guidelines range. *See United States v. Vonner*, 516 F.3d 382, 389-90 (6th Cir. 2008) (en banc). Where, as here, the district court grants a downward variance from the guidelines range, "simple logic compels the conclusion" that the "defendant's task of persuading us that the more lenient sentence . . . is unreasonably long is even more demanding." *United States v. Curry*, 536 F.3d 571, 573 (6th Cir. 2008). Thomas has not met that demanding burden.

Thomas argues that his career-offender designation resulted in an unreasonable sentence and that the mandatory minimum would have been "sufficient, but not greater than necessary," to comply with § 3553(a). Citing *United States v. Emmons*, 617 F. App'x 414 (6th Cir. 2015), Thomas contends that there is criticism about the career-offender guidelines. But the court in *Emmons* upheld the application of the career-offender enhancement, pointing out that "[r]ecidivism has long been recognized as a legitimate basis for increased punishment." 617 F. App'x at 416 (quoting *Ewing v. California*, 538 U.S. 11, 25 (2003)). Thomas asserts that a ten-year-old conviction when he was nineteen years old unreasonably resulted in his designation as a career offender. That conviction was not an aberration but a part of a lengthy criminal history beginning when Thomas was fourteen years old, resulting in a criminal history category of VI without the career-offender designation. Thomas argues that his criminal history lacked any violence and that his current offenses did not involve any weapons or any injury. The district court pointed out that Thomas had resisted arrest or fled from law enforcement on a number of occasions, posing a danger to himself, to law enforcement, and to the community, and that "he

physically fought with a female officer who attempted to arrest him" in this case.[2]  The district court emphasized that Thomas had a lengthy pattern of criminal offenses and reentry violations and that he had numerous opportunities to modify his behavior and deal with his drug addiction. The district court also noted that his current offenses involved "a large quantity of dangerous drugs."  Nonetheless, the district court granted a downward variance from the career-offender range based on Thomas's difficult upbringing, drug addiction, and family support.  The record shows that the district court properly weighed the relevant sentencing factors, including Thomas's designation as a career offender, and imposed a substantively reasonable sentence below the career-offender range.

Thomas also claims ineffective assistance of counsel, asserting that he was prejudiced by the timing and manner in which counsel encouraged him to plead guilty to the indictment. According to Thomas, counsel "strong-armed" him into pleading guilty just two-and-a-half months after his indictment.  "As a general rule, this Court declines to rule on claims of ineffective assistance of counsel on direct appeal." *United States v. Detloff*, 794 F.3d 588, 594 (6th Cir. 2015).  "Although an exception to this rule exists where the record is sufficiently developed to support the claim," that exception does not apply here. *United States v. Crosgrove*, 637 F.3d 646, 663 (6th Cir. 2011).  For example, Thomas refers to a "scathing" letter from counsel, but that letter is not part of the record.

For these reasons, we **GRANT** the government's motion to take judicial notice, **DECLINE** to review Thomas's ineffective-assistance claim, and **AFFIRM** the district court's judgment.

---

[2] In his reply brief, Thomas challenges the government's reliance on the presentence report for the facts underlying his arrest.  But by failing to object to the facts set forth in the presentence report, Thomas accepted those facts. *See Vonner*, 516 F.3d at 385.