NOT RECOMMENDED FOR PUBLICATION
File Name: 26a0031n.06

No. 25-5379

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED** |
| Plaintiff-Appellee, | ) | Jan 16, 2026 |
|  | ) | KELLY L. STEPHENS, Clerk |

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CHAPELL DAIN CISSELL,

    Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF
TENNESSEE

OPINION

_____

Before: COLE, MATHIS, and HERMANDORFER, Circuit Judges.

PER CURIAM. Chapell Dain Cissell challenges the procedural and substantive reasonableness of his 120-month sentence for firearm offenses. As set forth below, we **AFFIRM** his sentence.

While investigating an alleged assault with a firearm, law enforcement officers located Cissell, a felon, who was wearing a ballistic vest and carrying three firearms. He also had with him multiple magazines and nearly two hundred rounds of ammunition. A search of Cissell's residence and associated property uncovered three more firearms. Cissell subsequently pleaded guilty without a plea agreement to a superseding indictment charging him with six counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).

Cissell filed a position statement with respect to the 18 U.S.C. § 3553(a) sentencing factors, attaching (a) a psychological evaluation diagnosing him with personality and substance use disorders, (b) letters from his family members and friends, and (c) certificates of completion for

classes that he had taken while in detention. At sentencing, Cissell's mother and sister testified on his behalf, and he submitted additional letters in his support.

The district court calculated Cissell's Guidelines range as 151 to 188 months of imprisonment based on a total offense level of 29 and a criminal history category of VI. Because that range exceeded the ten-year statutory maximum penalty, *see* 18 U.S.C. § 924(a)(2), his recommended Guidelines sentence became 120 months of imprisonment, *see* USSG § 5G1.1(a). The government recommended a 120-month sentence, while Cissell requested a sentence below the statutory maximum penalty. After considering the § 3553(a) factors, the district court sentenced him to 120 months of imprisonment followed by three years of supervised release. The district court also recommended Cissell's participation in the residential drug abuse program and his placement at a medical facility to receive treatment for his mental health issues.

In this timely appeal, Cissell challenges the procedural and substantive reasonableness of his 120-month sentence. We review a district court's sentencing determination for procedural and substantive reasonableness under an abuse-of-discretion standard. *See United States v. Fugate*, 964 F.3d 580, 583 (6th Cir. 2020).

We first consider whether the district court committed any "significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*, 552 U.S. 38, 51 (2007). Cissell argues that his sentence is procedurally unreasonable because the district court failed to consider all § 3553(a) factors.

According to Cissell, the district court failed to consider his mental health issues and psychological evaluation. But the district court specifically stated that it had reviewed the

psychological evaluation. And in discussing Cissell's placement in the Bureau of Prisons, the district court emphasized that his access to mental health treatment was an "urgent and . . . imperative . . . priority." Sentencing Hr'g Tr., R. 117 PageID 491-92. The district court ultimately recommended that Cissell be placed in a medical facility to receive such treatment. In addition, the terms of Cissell's supervised release included his participation in mental health evaluations and cognitive behavioral therapy as directed by his probation officer.

Cissell further contends that the district court failed to mention the letters from his family members and friends. But the district court specifically stated that it had reviewed those letters. The district court also recognized that Cissell had a number of family members present at sentencing and that it had heard testimony from his mother and sister, acknowledging that "they are concerned about [Cissell] and they want [him] to succeed." *Id.*, PageID 494-95.

The record shows that the district court considered the § 3553(a) factors and expressly addressed Cissell's mental health issues as well as his support from family members and friends. Cissell has failed to show that the district court procedurally erred in making its sentencing determination.

We next consider the substantive reasonableness of Cissell's sentence. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "Simply put, a defendant's sentence is substantively unreasonable if it is too long." *United States v. Lee*, 974 F.3d 670, 676 (6th Cir. 2020). We afford a presumption of substantive reasonableness to Cissell's Guidelines sentence. *See United States v. Miller*, 73 F.4th 427, 431 (6th Cir. 2023). Cissell has failed to overcome that presumption.

"One way to gauge the substantive reasonableness of a sentence is to ask whether 'the court placed too much weight on some of the § 3553(a) factors and too little on others' in reaching its sentencing decision." *United States v. Perez-Rodriguez*, 960 F.3d 748, 753-54 (6th Cir. 2020) (quoting *United States v. Parrish*, 915 F.3d 1043, 1047 (6th Cir. 2019)). Cissell argues that the district court gave too much weight to his criminal history while failing to give any weight to his mental health issues and his support from family members and friends.

The district court properly considered Cissell's criminal history, noting that he had "a number of previous convictions, which include[d] several drug convictions, facilitation to commit aggravated robbery, theft, and aggravated assault," and that he fell within the highest criminal history category based on those convictions. Sentencing Hr'g Tr., R. 117, PageID 490. The district court also discussed the nature and circumstances of Cissell's offense, which involved pointing a firearm at persons while wearing a bulletproof vest and possessing additional firearms. The district court observed that Cissell had engaged in "a very dangerous type of activity that could have, unfortunately, resulted in much greater harm than [it] actually did." *Id*., PageID 491. But, as addressed above, the district court considered the need to provide Cissell with access to mental health treatment, ultimately recommending his placement in a medical facility and imposing conditions on his supervised release related to mental health treatment. And the district court acknowledged Cissell's support from family members and friends.

"[A] sentence is not necessarily substantively unreasonable because a court place[d] greater weight on some factors than others." *United States v. Gates*, 48 F.4th 463, 478 (6th Cir. 2022). The district court acted within its discretion in balancing all of these factors and reasonably imposed the within-Guidelines, statutory-maximum sentence of 120 months.

For these reasons, we **AFFIRM** Cissell's 120-month sentence.